## ACKERMAN, Plaintiff-Appellant, v. STEINER, Defendant-Appellee.

Ohio Appeals, Second District, Montgomery County.

No. 1781. Decided February 14, 1944.

A. K. Meck, Dayton, for plaintiff-appellant.
Harshman & Young, Dayton, for defendant-appellee.

### OPINION

By GEIGER, J.

This matter is before this court on appeal on questions of law from a judgment of the Court of Common Pleas wherein

that Court on motion of the defendant, after the introductions of his evidence instructed the jury to return a verdict in favor of the defendant, and the same having been done, judgment was so entered, from which appeal is taken to this Court.

The petition recites in substance that on the 20th day of February, 1936, plaintiff was a passenger in an automobile operated by the defendant on the Reading Road in the city of Cincinnati; that said defendant was unfamiliar with the streets of the city of Cincinnati, and plaintiff, at defenant's request, directed the course through the streets in order to leave Cincinnati and proceed to Dayton on Route 25; that plaintiff and defendant on the previous evening had left Dayton together in defendant's car and proceeded to Cincinnati to attend a Bowling Tournament and were returning to Dayton to meet their respective wives. Plaintiff says that he paid one-half or more of all the expenses of said trip, including the cost of gasoline and oil; that on numerous occasions he and defendant made like trips and arranged the expense between them so that each bore approximately one-half thereof, and on some occasions defendant furnished the automobile and at other times plaintiff furnished it, and that in the instant case, arrangements existed whereby the cost of the trip should be equalized.

It is alleged that the city of Cincinnati on the Reading Road had constructed concrete and steel loading platforms for the purpose of taking on and discharging street car passengers, such platforms being located at a number of the street intersections on said Reading Road at designated safety zones, one of which was located near Dana Avenue; that while the plaintiff was looking out of the right side of the window of the automobile directing the driver, the defendant negligently and carelessly turned the direction of his gaze from ahead to look out the left side window, and negligently drove said automobile into the landing platform, which was well lighted and protected by lighted standards. Plaintiff alleges that as a result of said collision, he received certain serious injuries, some of which are permanent. He asks judgment for $10,434.93.

To this petition, an answer is filed, admitting certain matters in reference to the trip to Cincinnati and to the beginning of the return trip and the accident and injury to the plaintiff. It is alleged by the defendant that the plaintiff had accompanied defendant as defendant's guest by invitation of the defendant to attend the annual Bowling Tournament in Cincinnati, and that they were at the time of the accident

returning to Dayton to meet their respective wives and take them back to the City of Cincinnati for further entertainment at the Tournament. It is alleged that at the time and place of the accident, the plaintiff was riding in defendant's automobile as a guest passenger without paying therefor.

The plaintiff replies and denies that he accompanied defendant as defendant's guest, and denies that he was riding in defendant's automobile as a guest passenger without paying therefor, but avers that he was engaged by the defendant to direct the way from Fifth and Race Streets in Cincinnati to the city of Dayton; that at the time of the accident, the defendant operated the automobile with absence of care on his part, and proceeded into the danger notwithstanding a conscious and timely knowledge of his approach to the danger of striking the platform, without slackening his speed or making any attempt to stop before striking same.

After all the evidence had been introduced, motion for directed verdict was made by the defendant and sustained by the Court as hereinbefore stated.

Motion for new trial was filed and overruled and notice of appeal to this Court filed, and errors were assigned by the defendant as follows:

"1. The court erred in sustaining defendant's motion for a directed verdict for defendant.

2. The court erred in directing the jury to return a verdict for the defendant."

The Bill of Exceptions is presented, which dwells at length upon the claim that the plaintiff was riding with the defendant as a paying passenger, and as a consequence the "guest statute" did not protect the defendant in the operation of the automobile. The Court below was of the opinion that the guest statute applied.

### THE LAW.

Sec. 6308-8 GC, commonly known as the "guest statute" provides insofar as it relates to this case, that the owner or operator of a motor vehicle shall not be liable for damage arising from injury of a guest while being transported without payment therefor in said vehicle resulting from the operation thereof, unless such injury is caused by the wilful or wanton misconduct of such operator or owner.

The latest pronouncement of the Supreme Court with reference to this statute is found in **Miller v Fairley, 141 Oh St 327.** The pertinent portions of the decision may be epitomized:

"Syllabus 4: The guest statute must be construed to effectuate its purpose, but, being in derogation of the common law * * *, its general provisions must be strictly construed, while the exception under consideration must be liberally construed in favor of those who come within the purview of such exception.

"5. Under the provisions of such statute, the operator of a motor vehicle is not liable for the negligent operation thereof resulting in the injury of a person invited to ride with him, unless such operator accepts payment for such transportation or unless he is guilty of wilful or wanton misconduct; but if any payment which may be construed as payment for transportation is accepted by the operator, the statute does not apply and the operator is not protected.

"6. Even though a party being transported pays only a portion of the cost such as for the share of the gasoline and oil, but pays it in consideration for his transportation in connection with and for the prosecution of his business, it constitutes payment for transportation as contemplated by the statute."

Hart, J., delivering the opinion comments upon various decisions of Ohio and other states touching the proper construction of such statutes and states the substance of Syllabus 5, above alluded to.

The court quotes at large from the case of **Duncan v Hutchinson, 139 Oh St 185,** and took the position that in that case a trip there under consideration had a purely social and not a business aspect; that the offer to pay for gasoline and oil consumed was not in the contemplation of the parties, or in fact a payment for transporatation. The Judge states in reference to the case then under consideration:

"The court is of the opinion that if trips are made by the defendant with the plaintiff for a purely social or incidental purpose, the statute applies but if they have a business aspect or provide a recognized mutual economic benefit, the exception otherwise granted to plaintiff by the statute does not apply."

The Judge then further states:.

"Generally when it appears that a contract for transportation bears one or more of the indicia of a business arrangement and especially where such arrangement is specifi-

cally for transportation or comprehends a trip of considerable magnitude or contemplates repeated or more or less regular rides, even though the ultimate purpose may be for pleasure, the person paying for gasoline or oil consumed or other automobile expenses, is held to be a passenger and not a guest."

The Judge then makes inquiry as to what are the indicia that bear upon the question as to whether a trip has a social or business aspect, and sets out the various conditions that bear upon the question as to whether the trip has a social or business aspect. The reasons given are too numerous to be mentioned here and reference is made to the case as being of importance in determining the basic question. The court, through Hart, J. states:

"Even though a party being transported, pays only a portion of the cost of such transportation, such as for a share of the gasoline and oil consumed, but pays it in consideration for his transportation in connection with and for the prosecution of his business, it constitutes payment for transportation as contemplated by the statute."

See **Sprenger v Braker, 71 Oh Ap, 349,** which holds in substance that where the members of a lodge are conveyed by automobile to a lodge meeting, and the costs thereof are paid by the lodge upon the presentment of a bill for costs, the members of the lodge are not guests of the driver within the statute.

See **Dougherty, Admr., v Hall, 70 Oh Ap, 163,** which is a well considered case reviewing a number of authorities in direct relationship to the question now before the court.

In **Duncan v Hutchinson** referred to in **Miller v Fairley,** supra, on page **185,** it is held:

"The sharing of the cost of gasoline and oil consumed on a motor vehicle trip taken for mutual benefit or social purposes, without any business aspect, does not transform into a passenger one, who without such exchange would be a guest, and is not 'payment' for transportation within the meaning of the guest statute so far as to make the automobile host liable to such guest in the absence of wilful or wanton misconduct."

Hart, J., delivering the opinion of the court, states on pages 188 and 190 in substance what is meant by the words of

the statute "transported without payment therefor" and says:

"\* \* \* It would seem that any expense money paid by a person for a ride in an automobile which is not substantially commensurate with the cost of such transportation, will not take him out of the guest status fixed by the statute, unless payment for transportation as such was actually agreed upon."

"On the other hand, where the relationship between the automobile host and the party riding with him has a business aspect and the transportation is supplied for their mutual benefit, any payment or service rendered to the automobile host by such person for the ride will constitute 'payment therefor' and will remove the automobile host from the protection of the statute."

"It is not necessary that payment for such transportation be made in money. It is sufficient if the passenger by his presence in the automobile or by service or assistance to the operator in making the trip, compensates the operator in a material or business sense as distinguished from mere social benefit or nominal or incidental contribution to expenses."

The Judge then cites a large number of cases and states on page 190:

"By the weight of authority, the sharing of the cost of gasoline and oil consumed on a trip taken for mutual pleasure or social purposes, does not transform into a passenger one who without such exchange, would be a guest and is not 'payment' for transportation within the meaning of the Ohio Guest Statute."

"A study of the cases discloses that whenever a person paying for gasoline, oil or other automobile expenses, is held to be a passenger, it appears that the contract for transportation bears one or more indices of a business arrangement, even though the ultimate purpose may be for pleasure."

See **Dorn, Admr. v The Village of North Olmsted, 133 Oh St, 375** and **Voelkl, Appellee v Layton, Admr., 58 Oh Ap, 245,** decision by this court, in which it was held by the majority, that the statute protects the driver of an automobile even though at the start of the trip, the husband of the injured plaintiff paid the husband of the driver money on account of the expense of the gasoline.

The Bill of Exceptions discloses the fact that the plaintiff and defendant were old friends and companions, having shared

reciprocal services, each with the other in various automobile trips, extending back even to their school days, when each was driving the car of their respective parents. During the entire automobile relationship, they have pursued the plan of alternating in the use of their separately owned cars with the intention of each bearing his respective burden of the expenses of their various trips. While they had taken numerous trips together both as boys and after their marriage, none of them had any indicia of business aspect, all being social trips engaged in for their mutual pleasure.

In the trip from Dayton to Cincinnati and the starting of the return when the accident occurred, the enterprise jointly engaged in was purely social. Plaintiff made no payment toward the expenses and the defendant accepted no service that could be considered as a payment or as compensation for the transportation. It is true there is evidence to the effect that the defendant, not being familiar with the streets of Cincinnati or the route by which he might reach the Reading Road, the plaintiff volunteered to go with him to point out the route to be pursued. We do not believe that this service so rendered by the plaintiff to the defendant could be considered as compensation for the transportation.

The fact that the two friends had, over a long period of time, attempted to balance their expenditures for mutual automobile trips by each tendering the service of his car on alternating trips with the idea that neither should contribute more than his share to their mutual enjoyment does not constitute payment for transportation or remove either from the protection of the guest statute.

It may be observed that the various trips were so remote in point of time that they did not constitute a closely related operation such as appears in the case where parties working in the same plant divide the expenses.

We are of the opinion that reasonable minds could not arrive at any other conclusion than those reached by the Court below and that the court was justified in directing a verdict and rendering judgment in favor of the defendant, as the evidence presented does not in any way establish wilful or wanton misconduct upon the part of the defendant, which would remove him from the protection of the statute.

Judgment affirmed.

BARNES, P. J., and HORNBECK, J., concur.